Hearing Date: **MARCH 3, 2020**
Time:             **10:00AM**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

JENNIFER M. BOLGEHN,

Case No.: 20-40058-ESS
Chapter 7

Debtor(s).
---------------------------------------------------------------X

**NOTICE OF MOTION FOR AN ORDER
TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY
CODE §362(d)(2) AND GRANTING *IN REM* RELIEF UNDER 11 U.S.C. §362(d)(4)**

**PLEASE TAKE NOTICE**, that upon the Application of Alan Smikun, Esq., an Associate of The Margolin & Weinreb Law Group, LLP., attorneys for MTGLQ Investors, L.P. (the "Movant" or "Secured Creditor"), a Secured Creditor herein, a motion will be made to this Court before the Honorable Carla E. Craig, at her chambers located at U.S. Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, NY 11201-1800 on **MARCH 3, 2020 AT 10:00 AM** or as soon thereafter as counsel can be heard for entry of an Order to obtain *in rem* relief as to the real property commonly known as 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385 such that any and all future filings by the Debtor, Jennifer M. Bolgehn (the "Debtor"), or any other person or entity with an interest in the property shall not operate as an automatic stay against the Movant and its successors and/or assigns; to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(4)(B) as to movant's interest in real property, to dismiss the Debtor's Chapter 7 case, to bar the Debtor from filing any bankruptcy petition in any jurisdiction for a period of two (2) years

following the entry of the Order, together with such other and further relief as the Court deems just and equitable.

**PLEASE TAKE FURTHER NOTICE,** that answering and opposing papers, if any, must be served upon the Court and the undersigned no later than seven (7) days before the return date of this Motion.

Dated: Syosset, New York
January 23, 2020

The Margolin & Weinreb Law Group, LLP

By: */s/ Alan Smikun*
Alan Smikun, Esq.
Attorneys for Movant
165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838 ext. 305
alansm@nyfclaw.com

To:

*Debtor*
Jennifer M. Bolgehn
7813 79th Street
Glendale, NY 11385

*Attorney for Debtor*
Anadel Canale
1805 Fifth Avenue – Suite 8
Bayshore, NY 11706

*Trustee*
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

*U.S. Trustee*
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street – Suite 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

JENNIFER M. BOLGEHN,

Case No.: 20-40058-ESS
Chapter 7

Debtor(s).
-----------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER
TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY
CODE §362(d)(2) AND GRANTING *IN REM* RELIEF UNDER 11 U.S.C. §362(d)(4)**

I, Alan Smikun, Esq., the undersigned, am an Attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1. I am an associate of The Margolin and Weinreb Law Group, LLP, attorneys for MTGLQ Investors, L.P. (hereinafter referred to as "Movant" or "Secured Creditor"), and make this Affirmation in support of the Motion for an Order (i) terminating the automatic stay with respect to the property located at 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385 (the "Property"); (ii) granting *in rem* relief from the automatic stay so that any subsequent filing by Jennifer M. Bolgehn (the "Debtor") or any person or entity with an interest in the Property shall not operate as a stay against the Movant, its successor or assigns, with regard to the Property for a period of 2 years; and (iii) granting Movant such other relief as the Court deems just. A copy of the order the proposed order is attached as **Exhibit A**.

2. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure, Rules 4001, 9013 and 9014 and §105(a) of Title 11 of the United States Code (the "Bankruptcy Code").

## FACTUAL BACKGROUND

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 7, 2019 (the "Filing Date") while being represented by Anadel Canale, Esq. David J. Doyaga, Esq., was appointed Chapter 7 Trustee.

2. Prior to the Filing Date, a Referee's Deed dated July 7, 2017 was executed in connection with a Judgment of Foreclosure and Sale entered on April 18, 2017 in an action to foreclose a mortgage entitled *Federal National Mortgage Association, as Plaintiff and Barbara Whitney, Melissa Bolghen, Susan Bolghen, Jennifer Bolghen and Ralph Bolghen, et al, as defendants*, foreclosing a Mortgage recorded on September 20, 2007. A copy of the Referee's Deed is attached as **Exhibit B**.

3. A Judgment of Possession was issued in the Queens County Civil Court on March 21, 2019 against the Debtor and other Respondents. Thereafter, a Warrant of Eviction was issued to the Sheriff of the City of New York on May 6, 2019 by the Honorable Lydia C. Lai, Housing Court Judge directing that Movant be put into possession of the Premises and to evict all occupants - including the Debtor. Copies of the Judgment of Possession and Warrant of Eviction are attached as **Exhibit B**.

4. As a result of the Debtor's bankruptcy filing, the Owner is stayed from obtaining rightful possession of its property.

## PROCEDURAL BACKGROUND
## BANKRUPTCY PROCEEDINGS

5. On May 21, 2019, Ralph W. Bolgehn filed a skeleton Petition under Chapter 7 of Title 11 U.S.C. §101 *et seq.* with this Court under Case No. 19-43084-ESS (the "First Bankruptcy Filing") with Anadel Canale, Esq., as counsel. On June 6, 2019, Movant filed a Motion for Relief with hearing date of July 18, 2019. The Motion for Relief from the Automatic Stay was granted

and the order was docketed on August 27, 2019 with a 30 day stay to allow the Debtor time to finalize living arrangements. The final decree was entered on September 23, 2019 and the case was duly closed the same day. Copies of the Docket for Case No. 19-43084-ESS, the Notice of Motion for the Relief from the Automatic Stay, the Order Granting Relief and the Discharge are attached hereto as **Exhibit C**.

6. On October 7, 2019, Melissa L. Bolgehn filed a skeleton Petition under Chapter 7 of Title 11 U.S.C. §101 *et seq.* with this Court under Case No. 19-46083-CEC (the "Second Bankruptcy Filing"). On October 21, 2019, Movant filed a Motion for Relief with hearing date of November 19, 2019. The Motion for Relief was granted and the order was docketed on December 2, 2019. On January 15, 2020, the case was dismissed and was duly closed on the same day. Copies of the Docket for Case 19-46083-CEC, the Notice of Motion and the Dismissal Order are attached hereto as **Exhibit D**.

7. On January 6, 2020, the Debtor, Jennifer M. Bolgehn (the "Debtor") filed a skeleton petition under Chapter 7 of Title 11 U.S.C. §101 *et seq.* with this Court under Case No. 20-40058-ESS (the "Third and Current Bankruptcy Filing") with Anadel Canale, Esq., as counsel. A copy of the Docket for the current bankruptcy filing is attached hereto as **Exhibit F**.

## ARGUMENT

### POINT 1
### THE COURT SHOULD EXERCISE ITS AUTHORITY PURSUANT TO 11 U.S.C. § 105(A) TO GRANT *IN REM* RELIEF.

8. It is well accepted that "one of the primary purposes of bankruptcy is to provide the 'honest but unfortunate debtor' with the opportunity to make a 'fresh start.'" *In re Dupuy,* 308 B.R. 843, 848 (Bankr. E.D. Tenn. 2004). It is equally recognized that "all bankruptcy petitions must be filed in good faith and must be 'fundamentally fair in a manner that complies with the spirit of

the Bankruptcy Code's provisions.'" *Dupuy,* 308 B.R. at 848-849. However, "the filing of repetitive bankruptcy cases, filed by multiple, but unidentifiable Debtors to forestall secured creditors from exercising foreclosure rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes,* 2007 Bankr. LEXIS 1328 at *41-42. (Bankr. N.D. Tex. 2007). In such cases, *in rem* relief is appropriate in order to allow the Secured Creditor to complete the foreclosure process. *See Gonzalez-Ruiz,* 341 B.R. at 385 *(in rem* relief appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from completing foreclosure); *In re Selinsky,* 365 B.R. 260 (Bankr. S.D. Fl. 2007) (Court ordered *in rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

9. Section 105(a) of the Bankruptcy Code provides in pertinent part that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It is established that § 105 empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions to stay foreclosure sales without the intention of completing or without having the ability to complete the bankruptcy process in good faith." *In re Feldman,* 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); *see also In re Henderson,* 395 B.R. 893 (Bankr. D.S.C. 2008) (the authority of the Court to grant *in rem* relief stems from its broad powers under 11 U.S.C. § 105(a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process).

10. *"In rem* relief is prospective relief that will apply to others who may file a petition and

invoke the automatic stay as to the same real property." *In re Lord,* 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005).

11.  In order to grant *in rem* relief, "'the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral.'" *Henderson,* 395 B.R. at 901 *quoting In re Price,* 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).

12.  Here, *in rem* relief is appropriate because a review of the record demonstrates prior that the Debtor and her cohorts have been using the bankruptcy courts to stall the eviction. The Debtor together with Ralph W. Bolgehn and Melissa L. Bolgehn, executed a stipulation dated February 7, 2019 were it was agreed that the property was to be vacated on April 30, 2019. Instead of vacating the premises, Ralph W. Bolgehn filed bankruptcy, followed by Melissa L. Bolgehn who filed bankruptcy after the Movant denied their request to stay in the property longer.

13.  On December 26, 2019, an Emergency Order to Show Cause was filed in Housing Court in the County of Queens requesting that the eviction be stayed until January 31, 2020 to allow for Ralph W. Bolgehn, Melissa L. Bolgehn and the Debtor to vacate the premises. This was denied by Hon Clinton J. Guthrie as there was already a stipulation signed which they failed to abide by Eight (8) months prior. Copies of the February 7, 2019 Stipulation and the Emergency Order to Show Cause is attached hereto as **Exhibit F**.

14.  Based on the foregoing, the record unequivocally demonstrates that there has been a history of serial filings conveniently before several lock-outs with no intent to complete the bankruptcy process. As such, Movant respectfully requests an order granting *in rem* relief as to the real property commonly known as 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385.

## POINT II

## THE AUTOMATIC STAY SHOULD BE TERMINATED

## PURSUANT TO 11 U.S.C. § 362(d)(4)(B)

15. It is well established that a creditor whose debt is secured by residential real property may move under 11 U.S.C. § 362(d) for relief from the automatic stay. Under BAPCPA, a new section of 362(d) was added with the intent "to reduce abusive filings." *In re Muhaimin*, 343 B.R. 159 (Bankr. D. Maryland 2006) *citing* H.R. Rep. I 09-31 (I) at 69 (2005). 11 U.S.C. § 362(d)(4)(B) provides that "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved ... multiple bankruptcy filings affecting such real property."11 U.S.C. § 362(d)(4)(B).

16. This provision also provides that relief under this section "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court ...."11 U.S.C. § 362(d)(4)(B).

17. The facts of this case support the conclusion that relief pursuant to § 362(d)(4)(B) is appropriate and the automatic stay should be terminated with respect to the Movant's interest in the Premises.

18. A review of the prior bankruptcy filings demonstrate that the Debtor has embarked on a common scheme to delay, hinder, and defrauded Movant and this Court. See Exhibits "C" through "F".

19. It is clear that the Debtor is not filing a petition for bankruptcy in order to reorganize

his debt, but rather, have an underlying motive to stall the Movant from enforcing the rights it holds pursuant to state law.

## POINT III

## THE INSTANT CASE SHOULD BE DISMISSED AND THE DEBTOR SHOULD BE BARRED FROM FUTURE BANKRUPTCY FILINGS

20. In addition to the foregoing relief, the circumstances of this case warrant that the Court issue an Order dismissing the Debtor's bankruptcy filing and precluding the Debtor from being able to file any petitions under any provision of the Bankruptcy Code anywhere in the United States for a period of at least two (2) years.

21. While § 1307 contains a list of grounds for dismissal or conversion, the list is not exhaustive and the Court may dismiss a case for "'lack of good faith' often referenced to as 'bad faith.'" *Gonzalez-Ruiz,* 341 B.R. at 382; *see also In re Joobeen,* 385 B.R. 599, 610 (E.D. Pa. 2008) *citing In re Myers,* 491 F.3d 120, 125(3d Cir. 2007) (A bankruptcy filing made in bad faith may be dismissed 'for cause' under 11 U.S.C. § 1307(c), although§ 1307(c) does not explicitly mention the good faith requirement).

22. It has been recognized by the Courts that "serial filings are a badge of bad faith, as are petitions filed to forestall creditors." *Keefer,* 2005 Bankr. LEXIS at *19; *see also In re Felberman,* 196 B.R. 678 (Bankr. S.D.N.Y. 1995). Likewise, "the suspicious timing of a bankruptcy petition is an appropriate factor for a court to consider in the bad faith analysis." *Joobeen,* 385 B.R. at 611. "Moreover, a bankruptcy court may reasonably find that bad faith exists 'where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose.'" *Id.* (citation omitted).

23. Additionally, "it is well-settled that bankruptcy courts 'derive from § 105(a) or §349(a)

of the Code ... the power to sanction bad faith serial filers ... by prohibiting further bankruptcy filings for longer periods than 180 days specified by § 109(g).'" *Joobeen,* 385 B.R. at 609-610; *Casse,* 198 F.3d at 339 ("as long as the dismissing court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, or more, without violating the terms of § 349(a) or, for that matter, § 109(g)"); *see also In re Jones,* 289 B.R. 436 (Bankr. M.D. Ala. 2003) (Debtor enjoined from filing a petition anywhere in the United States for a period of five years from the date of the order); *In re Selinsky,* (Debtor and her husband barred from filing a new bankruptcy case anywhere in the United States for a period of two years).

24.    The history of serial filings in regard to the Property provides evidence of bad faith and abuse of the bankruptcy process, and it is within the Court's power to put a stop to this cycle of abuse. In looking at the totality of filings regarding the Property, it is clear that there is evidence of bad faith that would justify the requested relief. Further evidence of bad faith is evinced from the timing of the bankruptcy filings as related to the Eviction of the Debtor and Tenant from the property.

25.    Further, dismissal with prejudice is warranted where a debtor and his cohorts files a bankruptcy petitions that is strategically timed to thwart a secured creditor from foreclosing on its collateral *See In re Casse,* 198 F.3d 327 (2d Cir. 1999). In *Casse,* the bankruptcy court found that the debtors acted in bad faith, because "the Debtors were impermissibly employing the Bankruptcy Code in futile bankruptcy reorganization efforts solely to thwart [the creditor] from exercising its legitimate contractual and state law foreclosure remedies ...." *Casse,* 198 F.3d at 332. As such, the bankruptcy judge issued an order dismissing the debtors' case and barring the debtors, with prejudice, from any further filings under the Bankruptcy Code. On appeal, the Second Circuit upheld the decisions of the lower court, reasoning that §§ 105(a) and 349(a) of the Bankruptcy

Code provide the bankruptcy court the authority "in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days." 198 F.3d at 339.

**WHEREFORE**, the Secured Creditor respectfully requests (1) an Order pursuant to 11 U.S.C. §105(a) granting *in rem* relief as to the real property commonly known as 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385 (2) an Order pursuant to 11 U.S.C. § 362(d)(4)(B) terminating the automatic stay as to movant's interest in real property commonly known as 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385, (3) an Order dismissing the Debtor's Chapter 7 case, and (4) an Order barring the Debtor from filing any bankruptcy petition in any jurisdiction for a period of two (2) years following the entry of the Order, together with such other and further relief as the Court deems just and equitable.

Dated: Syosset, New York
January 23, 2020

By:     **The Margolin & Weinreb Law Group, LLP**

*/s/ Alan Smikun*
Alan Smikun, Esq.
Attorneys for Movant
165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838 ext. 321
alansm@nyfclaw.com